**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-0414 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| MARK GUINN, | |
| Defendant. / | |

On April 21, 2010, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning May 3, 2010. All parties were represented by counsel. The following matters were resolved:

1.  **Trial schedule**: The parties expect that the case will take 7 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon, and a 15 minute break at 2:00 p.m., all times approximate.

2.  **Number of jurors and challenges**: There shall be a jury of twelve members, plus 2 alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

3.  **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

4.  **Jury instructions**: The Court received proposed jury instructions from the parties.

Instructions will be finalized at an instruction conference prior to closing arguments.

5. **Trial exhibits**: No later than April 30, 2010, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

6. **Motions in limine**:

**Government's motions in limine**

**No. 1: Motion to admit evidence of uncharged acts**: The government seeks to admit evidence of other dumps in which defendant was involved on two alternate grounds: first, that the uncharged acts are part of the charged conspiracy; and second, to show knowledge, intent, and absence of mistake under FRE 404(b). GRANTED, without prejudice to specific objections to specific questions at time of trial.

**No. 2: Motion to exclude defendant's out of court statements:** The government moves to preclude the defense from introducing any out-of-court statements made by defendant on the ground such statements would be inadmissible hearsay. The government argues that even if defendant testifies and is subject to cross-examination, out-of-court statements he has made to friends, coworkers, or agents will not be admissible under the prior consistent statement exemption to the hearsay rule. *See* FRE 801(d)(1)(B). The government does not specify the specific statements, or areas, it seeks to exclude with this motion, and the Court cannot presently assess the validity of the objection. The motion is DENIED as overbroad, without prejudice to specific objections to specific questions at time of trial.

**No. 3: Motion to prohibit reference to sympathy, punishment, and related civil suits; preclude argument that this case should be civil rather than criminal; exclude witnesses from the courtroom; exclude defense expert; and for reciprocal discovery:** Defendant is precluded from eliciting testimony concerning or referring to punishment this defendant may receive for these offenses; and from arguing to the jury that this case should have been treated as a civil rather than a criminal violation. In cross-examining witnesses who have not been charged in this case, defendant may not discuss any specific sentence that potential charges might carry absent specific permission to do so.

Witnesses will be excluded as requested, and defendant confirms that he does not intend to call an expert witness. Otherwise, generally DENIED as overbroad, without prejudice to specific objections to specific questions at time of trial.

**No. 4: Motion to exclude reference to criminal records to impeach government witnesses:** The government moves to exclude any reference to the prior criminal convictions and arrests of government witnesses Larry Barela, Landon Connorton, Cory Buckhalter, Dane Backman, and Brian Cosgrove. Under FRE 609, evidence of a prior conviction may be admitted for the purpose of attacking a witness's character for truthfulness if the conviction is either: (1) a felony conviction or (2) a misdemeanor conviction "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." FRE 609(a). To be admissible under this rule, a conviction must not be more than ten years old, unless the court "determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." FRE 609(b).

--Witness Barela has two felony convictions for lewd and lascivious acts with a minor, from 1987 and 1995. Although they are old and therefore of attenuated probative value, they may also subject Barela to lifetime sex offender registration requirements and enhanced penalty for any new criminal offenses. Barela also has a 1995 misdemeanor conviction for possession of a controlled substance. These factors could become germane for impeachment purposes at trial. As to Barela, ruling on the motion is DEFERRED to time of trial; neither party shall mention these convictions without first seeking leave of court.

--Witness Connorton has a misdemeanor conviction for obstructing a police officer and citations for carrying an open container of alcohol, underage possession of alcohol, and possession of false identification. The conviction and citations stem from a 2001 incident in which Connorton, then 19 years old, was approached by police officers for walking with an open container of beer. Connorton apparently ran away, then, when captured, told police that his name was Jared Belland and showed them a fake ID with the same name. Once police told him that lying would result in further obstruction charges, Connorton admitted his real name The conviction itself is not admissible because the elements of obstruction do not require dishonest conduct; to that extent the motion is GRANTED. The

3

1 government further argues that defendant should not be permitted to inquire about the circumstances
2 surrounding the arrest. Under FRE 608(b), however, specific instances of conduct that go to
3 untruthfulness may be inquired into on cross. The conduct of the offense is minor and temporary, and
4 neither particularly prejudicial nor particularly probative of current untruthfulness. Under these
5 circumstances, the motion is DENIED, without prejudice to specific objections to specific questions at
6 time of trial.

7 --Witness Buckhalter has a 2009 misdemeanor conviction for negligent driving. Witness
8 Backman has a 1999 arrest for DUI that was later dismissed. Witness Cosgrove has a 1993 felony
9 conviction for controlled substance possession which was dismissed in 1999. As to these, the
10 government's motion is GRANTED, unless defendant seeks and receives permission to make such
11 inquiry during cross-examination, based on the witness' trial testimony.

12 **Defendant's motion in limine:** Defendant seeks to exclude two statements he made during his
13 interview with government agents on July 30, 2008, concerning what others had said to him. This
14 motion is DEFERRED to time of trial, when these objections may be made in context. Defendant also
15 seeks to exclude or modify the following statement made during the August 18, 2008 interview: When
16 asked why he had highlighted certain barge loads on a Summary Log he produced at the interview,
17 defendant stated that when the government began its investigation, his attorney had asked him to try to
18 figure out which loads had been dumped. Defendant's primary objection is to the attribution of the
19 direction to defendant's attorney. The government's primary concern is that it be clear that defendant
20 prepared the highlights himself, not at the direction of the government or its agents. It is ordered that
21 the statement may be admitted, but must be modified to omit attribution to the attorney.

23 **7. Other matters**: The Court will read at least one substantive Clean Water Act instruction to
24 the jury during the preliminary jury instructions, and the parties will prepare a joint Statement of the
25 Claims to be read at the same time. The indictment will not be provided to the jury.

26 **IT IS SO ORDERED.**
27 Dated: April 21, 2010

SUSAN ILLSTON
United States District Judge

4