IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

   v.

MARK GUINN,

                Defendant.

_____/

No. CR 09-0414 SI

**ADVICE TO COUNSEL RE INSTRUCTIONS**

      A copy of the instructions that the Court intends to read to the jury is attached.  Please note that the government's requested <u>Pinkerton</u> charge is not included.  Since only defendant is named in Counts 2, 3 and 4 of the indictment, the charge as framed does not make sense.  The Court will consider any arguments the parties wish to make on this point prior to commencing trial on Monday, May 10, 2010.

      IT IS SO ORDERED.

Dated: May 7, 2010

                                _____
                                SUSAN ILLSTON
                                United States District Judge

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                    No. CR 09-0414 SI

          Plaintiff,

  v.

MARK GUINN,

          Defendant.

_____/

**INSTRUCTIONS TO JURY**

**(DRAFT)**

**United States District Court**
For the Northern District of California

1

2

United States District Court
For the Northern District of California

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

A copy of the indictment is attached to these instructions for your review.  The indictment is not evidence. The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

1

## REASONABLE DOUBT—DEFINED

2    Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant

3 is guilty.  It is not required that the government prove guilt beyond all possible doubt.

4    A reasonable doubt is a doubt based upon reason and common sense and is not based purely on

5 speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of

6 evidence.

7    If after a careful and impartial consideration of all the evidence, you are not convinced beyond

8 a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the

9 other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond

10 a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

11

12

## WHAT IS EVIDENCE

13    The evidence from which you are to decide what the facts are consists of:  (1) the sworn

14 testimony of any witness; (2) the exhibits which have been received into evidence; and (3) any facts to

15 which all the lawyers have stipulated.

16

17

## WHAT IS NOT EVIDENCE

18    In reaching your verdict you may consider only the testimony and exhibits received into

19 evidence. Certain things are not evidence and you may not consider them in deciding what the facts are.

20 I will list them for you:

21 1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What

22    they have said in their opening statements, [will say in their] closing arguments and at other

23    times is intended to help you interpret the evidence, but it is not evidence. If the facts as you

24    remember them differ from the way the lawyers state them, your memory of them controls.

25 2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to

26    object when they believe a question is improper under the rules of evidence. You should not be

27    influenced by the question, the objection, or the court's ruling on it.

28 3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is

United States District Court
For the Northern District of California

not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.       Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.       the opportunity and ability of the witness to see, hear or know the things testified to;

2.       the witness's memory;

3.       the witness's manner while testifying;

4.       the witness's interest in the outcome of the case and any bias or prejudice;

5.       whether other evidence contradicted the witness's testimony;

6.       the reasonableness of the witness's testimony in light of all the evidence; and

7.       any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

United States District Court<br>For the Northern District of California

**United States District Court**
For the Northern District of California

TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES

You have heard testimony from Dane Backman and Scott Chamberlin, witnesses who have received immunity.  That testimony was given in exchange for a promise by the government that those witnesses will not be prosecuted.

You have also heard testimony from Larry Barela and Brian Cosgrove, witnesses who have entered into proffer agreements with the government.  That agreement states that the witness' statements will not be used against them.

Witness Jeff Hedlund has pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining Jeff Hedlund's believability.

You have heard testimony form ken Black and Cory Buckhalter, who admitted to being accomplices to the crime charged.  As accomplice is one who voluntarily and intentionally joins with another person in committing the crime.

In evaluating each of these witness' testimony, you should consider whether that testimony may have been influenced by the factors specified above.  In addition , you should consider that testimony with greater caution than that of the other witnesses.


ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.


SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.


STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those

decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

## SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## "ON OR ABOUT" - EXPLAINED

The indictment charges that the offenses or overt acts alleged were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**United States District Court**
For the Northern District of California

ESSENTIAL ELEMENTS OF CLEAN WATER ACT VIOLATIONS

The defendant is charged in Counts Two, Three and Four with violating the Clean Water Act. The defendant is charged with knowingly discharging or causing the discharge of dredged material from a point source into waters surrounding Winter Island, a water of the United States, without a permit on or about April 17, 2003, December 22, 2006 and January 7, 2007.

In order to convict a person of discharging a pollutant or causing another to discharge a pollutant into a water of the United States without a permit, the Government must prove each of the following elements beyond a reasonable doubt:

1.   on or about the date charged in the indictment, the defendant discharged or caused the discharge of a pollutant into a water;

2.   the pollutant was discharged from a point source;

3.   the water was a navigable water of the United States;

4.   the discharge was not permitted; and

5.   the defendant acted knowingly.

"POLLUTANT" DEFINED

The term "pollutant" includes dredged spoil.

"DISCHARGE" DEFINED

The term "discharge of a pollutant" means any addition of any pollutant to navigable waters from any point source.

"POINT SOURCE" DEFINED

The term "point source" means any discernable, confined and discrete conveyance, including but not limited to any vessel or other floating craft, from which pollutants are or may be discharged.

"NAVIGABLE WATERS" DEFINED

The term "navigable waters" means "waters of the United States."  The term "waters of the

United States District Court

For the Northern District of California

8

United States" includes all waters subject to the ebb and flow of the tide.

## "KNOWINGLY" DEFINED

An act is done knowingly if the defendant is (1) aware of the act and (2) does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

The government must prove beyond a reasonable doubt that the defendant knew the identity or at least the nature of the material discharged and that the pollutant was discharged into a water.

The government is not required to prove the defendant's knowledge of the law, that is, that dredged materials came within the legal definition of "pollutant"; that the conveyance, here a vessel or floating craft, came within the legal definition of "point source"; that the water came within the legal definition of "water of the United States"; or that a permit was required for the discharge. Neither is the government required to prove that the defendant knew his actions were unlawful or that they violated the Clean Water Act.

## "RESPONSIBLE CORPORATE OFFICER" DEFINED

A person may be found guilty of violating the Clean Water Act as a "responsible corporate officer" if the government proves beyond a reasonable doubt:

1.  that he had knowledge of the facts that gave rise to the violation, that is, that employees of Brusco Tug & Barge were discharging dredged materials in waters surrounding Winter Island instead of on Winter Island;

2.  that he had the authority and the capacity to prevent these discharges from occurring; and

3.  that he failed to prevent the discharges from occurring.

United States District Court
For the Northern District of California

HARM OR AMOUNT OF POLLUTION NOT AN ELEMENT OF THE CRIME

The government is not required to prove that a specific amount of pollutant has been discharged or that the discharge of pollutants caused any damage or harm or significant alteration in water quality or the environment, in particular, to the waters surrounding Winter Island, in order to establish the offense charged under the Clean Water Act.  The statute prohibits discharge of any pollutants without a permit.

AIDING AND ABETTING

A defendant may be found guilty of a Clean Water Act violation, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, a Clean Water Act violation was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the Clear Water Act violation; and

Third defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime or unknowingly or intentionally did things that were helpful to that person, ro was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the clear Water Act violation.

**United States District Court**
For the Northern District of California

CONSPIRACY—ELEMENTS

The defendant is charged in Count One of the indictment with conspiring to violate the Clean Water Act in violation of Title 33, United States Code, Section 1319(c). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about April 2003, and ending on or about January 2007, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by

associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

13

**United States District Court**
For the Northern District of California

## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

14