BRIAN H GETZ, ESQ. (CSBN 85593)
LAW OFFICES OF BRIAN H GETZ
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
Telephone: (415) 912-5886
Facsimile: (415) 438-2655

Attorney for Defendant
MARK GUINN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK GUINN,<br><br>　　　　　Defendant. | CASE NO. CR 09-0414 SI<br><br>**SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT MARK GUINN**<br><br>DATE:  AUGUST 27, 2010<br>TIME:  11:00 A.M.<br>CTRM: 10, 19TH FLOOR |

## INTRODUCTION

Counsel respectfully submits this Sentencing Memorandum on behalf of Defendant Mark Guinn ("Sentencing Memorandum") setting forth information pertinent to the Court's determination of what type and length of sentence is sufficient to comply with the statutory directive set forth in United States Code Section 3553(a), 18 U.S.C. 3553(a).

Under separate cover, counsel has submitted Letters from the Community for Sentencing of Defendant Mark Guinn ("Letters") and will refer to those in this Sentencing Memorandum.

Reference will be made to the testimony at trial, a transcript of which has not been prepared. Reliance on trial notes is an imperfect way of reciting the record. To the extent that counsel refers to specific testimony that differs from that recollected by the Court, counsel acknowledges that the Court's view controls. There is no intent to distort the record in any event.

**THE PRESENTENCE REPORT**

The Addendum to the Presentence Report correctly notes that Defendant objects to three aspects of the Guidelines calculation, a calculation that was discussed at a formal meet and confer conducted by the Federal Probation Officer.

Paragraph 24 increases the calculation by 6 levels pursuant to USSG 2 Q1.3(b)(1)(A) for ongoing, continuous, or repetitive discharge of a pollutant into the environment. The Ninth Circuit cases addressing this issue have upheld the adjustment where the discharges were the routine, not the exception. In United States v. Cooper, 173F.3d 1192 at 1198 (9th Cir. 1999), discharge of the pollutant (sewage sludge) was regular, not occasional, and comprised nearly one-third of all truckloads (425 of 1500). The Court in United States v. Ferrin, 994 F.2d 658 at 662 (9th Cir. 1993) defined the basis for the enhancement as being "ongoing or repetitive". By contrast, the evidence in this case showed that the dumping that occurred was the exception, rather than the rule. Multiple barges traveled daily from San Francisco Bay to Winter Island. Once in a while, illegal dumping occurred. Guinn was charged with three substantive dumping episodes and was convicted of one. Under these facts, he should not suffer a six-level increase for repetitive discharge.

Paragraph 25 increases the calculation by 4 levels pursuant to USSG 2 Q1.3(b)(4), discharging a pollutant without a permit. Applying the 2 Q1.3(b)(4) enhancement appears to be impermissible double-counting because failure to obtain a permit was part of the charge of conviction, and was already taken into account by the Sentencing Commission in formulating the base offense level set out in 2 Q1.3. The Fourth, Fifth, Sixth and Eleventh Circuits have held that application of the 2 Q1.3(b)(4) enhancement to this type of sentence is not impermissible double-counting. U.S. v. Perez, 366 F.3d 1178 (11th Cir. 2004). In the absence of a Ninth Circuit case directly on point, we maintain this objection.

Alternatively, this Court should consider a two-level departure downwards based on the type of pollutants identified at trial. Much of it was sand from the Pier 35 project dredged from waters where swimmers are allowed unfettered access. These materials were placed on Winter Island near the water, where rainfall washes it off the land into the protected waters every time there is measurable precipitation. As in the Perez case, supra at 1181, this was not the "worst type" of pollutant, and consequently a two-level departure is requested.

Paragraph 30 (incorporating paragraph 19) does not reduce the calculation for acceptance of responsibility. Conviction by trial does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional rights to a trial. Prior to trial, Mr. Guinn accepted responsibility by confessing his role in the history of this case (PSR 12-16). What he was indicted for did not precisely track the conduct he described at least not in the view of the defense. The jury also (apparently) struggled with the notion that the confession was in alignment with the charges, if an acquittal on one count and a hung jury on another can be viewed in a light favorable to Defendant.[1] The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. If two points for acceptance are not given, we alternatively request one point. Guinn has been consistent in admitting what he did. The jury was not convinced that he did all that he was charged with. Guinn should not plead guilty to a charge based on conduct he did not do. There was a variance between his admitted conduct and the charged conduct.

## **PERSONAL HISTORY**

Mr. Guinn has a solid record of employment (PSR 48-49) and is a respected member of his community (Letters).

Mr. Guinn has an insignificant record of criminal conduct considering the recency and frequency of his criminal history (PSR 35).

Mr. Guinn enjoys wide support in the community from persons from all walks of life (Letters). He is a devoted family man (PSR 41, Letters). He is dedicated to his wife, children and community (Letters, Sentencing Recommendation in the PSR page 2). Mr. Guinn is fully employed in the same field as before, working with a tug and barge company that is fully aware of his legal status (PSR 48). He performs excellently and would not hold this job unless he did so. All correct environmental practices are observed. Through his employment, Mr. Guinn demonstrates his value as a responsible citizen and ability to function well within an extensive organization.

---

[1] We acknowledge it can be viewed in more than one way.

## DEPARTURES

Application Note 4 to 2 Q1.3(b)(1)(A) authorizing a two level departure in either direction depending "on the harm resulting from the….discharge, the quantity and nature of the substance or pollutant, the duration of the offense and the risk associated with the violation." Similarly, Application Note 7 to subsection (b)(4) authorizes a two level departure in either direction depending "upon the nature and quantity of the substance involved and the risks associated with the offense."

As noted, the district court in United States v. Perez, 366 F.3d 1178 (11th Cir. 2004) reduced the 2 Q1.3(b)(1)(A) enhancement for "ongoing, continuous, or repetitive discharge" from six levels to four because the materials discharged were not the "worst type of pollutants." United States v. Perez, supra, at 1181. Such is the case in the instant matter.

If the full four-level increase under paragraph (b)(4) of 2 Q1.2 seems inappropriate, a court may not impose a lesser enhancement; however, under Application Note 8, it may depart downward. U.S. v. Ferrin, 994 F.2d 658 (9th Cir. 1993).

## THE 18 U.S.C. 3553(a) FACTORS

These serious crimes were committed during a timeframe when the custom and practice was somewhat different than it is now. The lack of training received by Guinn in connection with environmental compliance (PSR 14) does not excuse the conduct but instead contributes to understanding how it happened in the first instance. Simply stated, the conduct described at trial would never occur now because companies and employees possess greater sensitivity to their responsibility in connection with environmental rules and regulations. It is one of the reasons why Mr. Guinn, convicted and facing prison, can be gainfully employed by a tug and barge company that knows what he did. His current employer is convinced that Mr. Guinn will not re-offend, a trust that will never be broken.

This is the first serious criminal case for a middle-aged family man whose life and role in the community have, in all other respects, been laudable. To meet the overarching statutory charge of imposing a sentence sufficient, but not greater then necessary to reflect the seriousness of the offense, to promote respect for the law and provide just punishment, to afford adequate deterrence, to protect the public, and to provide the defendant with the needed medical care and other correctional treatment, the Court can consider all seven factors listed in 18 U.S.C. 3553(a). United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) *(En Banc)*.

A sentence of twelve months and a day in prison more than serves this purpose. Such a sentence will provide adequate deterrence for potential future offenders. Such a sentence is a significant punishment for anyone employed full time and living at home with a wife and children, and will promote respect for the law. A sentence of twelve months and a day which includes a lengthy period of supervised release is sufficient to reflect the seriousness of the offenses. When Mr. Guinn is released from prison, he will be unemployed for the first time since he was 17 years of age. His standing in the community and the high regard of his peers will be lost. He will emerge from prison with few options and little possibility of restoring much of the quality of life he has heretofore lived. The custodial portion of the sentence needs to be no harsher. The relative impact of a sentence is based on the characteristics of the defendant as much as it is based on the length of the term. Where a job, family unity, position in society, and financial stability are toppled by a year in prison, the punitive effect is magnified more so than with a longer sentence imposed on a defendant with little to lose. Mr. Guinn stands to lose everything except the support he has from the family and close friends who will welcome his return to society.

                                                  Respectfully submitted,

DATED: August 20, 2010                LAW OFFICES OF BRIAN H GETZ

                                                  By: /s/ Brian H Getz
                                                  BRIAN H GETZ
                                                  Attorney for Defendant
                                                  MARK GUINN